# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **RICHARD GAMBLE** | **CIVIL ACTION NO. 10-cv-1669** |
| **LA. DOC #115696** | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **WARDEN TIM WILKERSON** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

On November 1, 2010, *pro se* petitioner Richard Gamble filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana.

Petitioner attacks his 2006 conviction for possession of marijuana and the hard labor sentence imposed by Louisiana's Thirtieth Judicial District Court in Vernon Parish.  Doc. 1. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

Based on the court's review of the pleadings and exhibits annexed thereto,

IT IS RECOMMENDED that the instant petition be summarily **DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the District Court, since it plainly appears from the pleadings and exhibits that petitioner has failed to state a claim for which relief may be granted and he is therefore not entitled to relief.

### *Statement of the Case*

On April 18, 2006, petitioner was charged via Bill of Information with possession of marijuana with intent to distribute (PWID) and various misdemeanor and traffic offenses.  Doc. 1, att. 3, p. 2.  Pursuant to an agreement petitioner pled guilty on November 14, 2006, to the PWID marijuana charge and, in return, the misdemeanor charges were dismissed and the state agreed to forego further prosecution under Louisiana's habitual offender statute.  *Id*.

On January 23, 2007, petitioner was sentenced to serve ten years at hard labor and to pay a fine and costs.  *Id*.  He timely filed a motion to reconsider sentence which was granted and petitioner was thereafter re-sentenced to serve seven years at hard labor to run consecutively with an unrelated sentence he was then serving.  He did not file a second motion to reconsider sentence.  Through court appointed counsel, however, he filed an appeal to the Third Circuit Court of Appeal raising a single claim of excessiveness of sentence.  *Id*.  On December 19, 2007, the Third Circuit affirmed the sentence in an unpublished opinion.  *Louisiana v. Gamble*, 970 So.2d 1275 (La. App. 3 Cir. 2007); *see also* doc. 1, att. 3.

Petitioner sought further direct review with the Louisiana Supreme Court.  Petitioner's writ was received and filed by the Supreme Court on February 7, 2008; however, the post mark on the writ was illegible.  Doc. 4, att. 1, p. 4.  On September 19, 2008, the Supreme Court denied petitioner's writ without further comment.  *Louisiana v. Gamble*, 992 So.2d 950 (La. 2008); *see also* doc. 1, att. 3, p. 8.

 On February 5, 2009, petitioner filed a *pro se* application for post-conviction relief in the Thirtieth Judicial District Court.  Doc. 1, att. 3, p. 9.  Petitioner argued several claims for relief in a lengthy memorandum.  Doc. 1, att. 3, p. 26.  The claims are summarized as follows:

(1)     The Bill of Information was defective because, contrary to the provisions of *Louisiana Code of Criminal Procedure art.* 384, the instrument was not

signed by the District Attorney or his Assistant, but rather was merely initialed.  Doc. 1, att. 3, p. 27.

(2)     He was afforded ineffective assistance of counsel based on counsel's failure to file a motion to quash on the grounds stated above.  Doc. 1, att. 3, p. 29.

(3)     The Bill of Information was defective because it failed to list every element of the crimes with which petitioner was charged and it failed to set forth lesser included offenses.  Doc. 1, att. 3, p. 30.

(4)     Evidence was insufficient to support the finding of guilt.  Particularly petitioner claimed "the amount of marijuana, in this case was never talk about."  Doc. 1, att. 3, p. 35.  Petitioner also complained about the use of a police report at the time the court was determining whether there was a sufficient factual basis to support the charge.  Doc. 1, att. 3, pp. 32-34.
(5)30.

Interspersed among the claims summarized above were others, including that the officer who stopped him conducted a warrantless search, that the officer took money from the petitioner that was not entered into evidence, that only one of the two bags of marijuana seized was submitted to the crime lab for testing, and that he was denied a speedy trial.  *See generally* doc. 1, att. 3, pp. 27-44.

On February 9, 2009, the District Court denied post-conviction relief.  Doc. 1, att. 3, pp. 10-11.  The court rejected the claim concerning the Bill of Information by noting that the bill was in fact signed by the Assistant District Attorney.  *Id.*   With regard to the sufficiency of the evidence claims, the court noted that the prosecutor ". . . stated at the plea that subsequent to the arrest, defendant did admit that he purchased the marijuana with money from friends and it was for use by himself and his friends . . ."  Doc. 1, att. 3, p. 10.  The court then rejected all remaining claims and found "that based on the record, this defendant fully, willingly, and voluntarily entered the guilty plea.  Further, by not, at any time, seeking to withdraw his plea, or appealing his conviction by that plea, he cannot claim what he is now asserting."  Doc. 1, att. 3, pp. 9-11.

On March 31, 2009, petitioner filed a writ application in the Third Circuit Court of Appeals.  Doc. 1, att. 3, p. 12.  On September 2, 2009, the court rejected his writ application, finding no error in the trial court's ruling.  *Louisiana v. Gamble*, No. 09-00391 (La. 9/2/2009); *see also* doc. 1, att. 3, p. 12.

Thereafter, petitioner filed a writ application in the Louisiana Supreme Court seeking further review of his post-conviction application.  The date that petitioner presented the writ for filing is not specified; however, the filing was metered on October 1, 2009.  Doc. 4, att. 1, p. 2. In the writ, petitioner argued (1) that the Bill of Information was defective under Louisiana law because the Assistant District Attorney did not sign the document; (2) that the factual basis for the guilty plea and sentence was insufficient to support the conviction; (3) that the evidence was insufficient to establish intent to distribute; and, (4) that petitioner received ineffective assistance of counsel.  Doc. 1, att. 3, pp. 56-80.  Petitioner then filed a "Motion to Supplemental Claim Number: 2. Post-Conviction Relief in Behalf of Richard C. Gamble."  Doc. 1, att. 2, p. 45.  In that pleading petitioner argued that the warrantless search of his vehicle was conducted without probable cause.  He also asked the Supreme Court to suppress all evidence seized and all statements made by the petitioner at the time of his arrest.  Doc. 1, att. 3, pp. 45-52.

On October 1, 2010, petitioner's writ application was denied by the Supreme Court without comment.  *Gamble v. Louisiana*, 45 So.3d 1090 (La. 2010); *see also* doc. 1, att. 3, p. 13.

Petitioner signed his petition for *habeas corpus* on October 28, 2010.  The petition was received and filed on November 1, 2010.  Therein, petitioner again argued the claims raised in his application for post-conviction relief, namely (1) that the Bill of Information was defective as it was not signed by the District Attorney or one of his assistants; (2) that the trial court failed to state a factual basis for the guilty plea and that the evidence was insufficient to support the

conviction; (3) that the state failed to present sufficient to establish the elements of intent to distribute; and, (4) that petitioner received ineffective assistance of counsel.  Doc. 1, att. 2, pp. 3-15.  Finding petitioner's *habeas* petition insufficient to allow this court to determine whether the petition should survive initial review, the court ordered petitioner to amend his petition.  Doc. 3. In July 2011, petitioner filed responses to the court's order.  Docs. 4-7.

As relief, petitioner asks the court to reverse the decisions of the trial court, the Louisiana Third Circuit Court of Appeal, and the Louisiana Supreme Court.  Doc. 1, att. 2, p. 15.

### *Law and Analysis*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of habeas petitions by the court and further states, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970), the Advisory Committee Notes following Rule 4 state, "... under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

After conducting such a review and in particulars set forth below we conclude that this petition should be dismissed.

### 1. *Guilty Plea*

In this case, petitioner pleaded guilty to the crimes charged. "A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant." [1] *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).  A review of the guilty plea transcript in this matter easily establishes that petitioner's guilty plea was voluntary.  In denying petitioner's application for

---

[1] Including petitioner's claims regarding the sufficiency of the Bill of Information.

post-conviction relief, the Thirtieth Judicial District Court found "... that based on the record, this defendant fully, willingly, and voluntarily entered the guilty plea."  Doc. 1, att. 3, p. 11.

In his appeal, petitioner disputed the sufficiency of factual basis for the guilty plea but did not challenge the voluntariness of his guilty plea. In this regard, the District Court stated:

> A review of the transcript of the plea on November 13, 2006 shows that the State recited that defendant was stopped by Rosepine Police officers for various traffic violations. After consent to search his vehicle was given by defendant, two bags of marijuana were seized. . . .
>
> . . . The record reflects that the defendant entered his plea pursuant to an agreement that was worked out with the District Attorney.  The agreement included a waiver by the State of any right to seek habitual offender enhancement of sentence, a major consideration benefiting the defendant.  In addition, other counts were dismissed.
>
> . . . Further, by not, at any time, seeking to withdraw his plea, or appealing his conviction by that plea, he cannot claim what he is now asserting. Considering the factual basis recited by [the Assistant District Attorney], there were sufficient facts to support his plea.

Doc. 1, att. 3, pp. 10-11.

Under the AEDPA, a determination of a factual issue made by a state court shall be presumed to be correct, and the petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full and fair." *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir.2004) (citing *Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir.2001). In *Murphy v. Johnson*, the Fifth Circuit expressed that "[a] full and fair hearing does not necessarily require live testimony." *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000).  The presumption of correctness also applies to mixed questions of law and fact. *Valdez*, 274 F.3d at 948 n. 11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which

are necessary to the state court's conclusions of mixed law and fact."). Findings of fact may be implied from conclusions of law. See *Goodwin v. Johnson*, 132 F.3d 162, 183-84 (5th Cir.1997).

As previously stated, the Thirtieth Judicial District Court found that petitioner's plea was voluntary.  Indeed, petitioner has provided a transcript of the plea proceedings.  Doc. 4, att. 1, pp. 6-19. The undersigned has concluded that any attack on the voluntariness of petitioner's plea would be futile as the record clearly establishes that petitioner was advised of his rights and entered a knowing and voluntary plea of guilty.

### 2. *Ineffective Assitance of Counsel*

The waiver of all non-jurisdictional defects by a voluntary guilty plea includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See Glinsey*, 209 F.3d at 392; *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983); *Beasley v. McCotter*, 798 F.2d 116, 118-19 (5th Cir.1986); *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir.1985); *United States v. Diaz*, 733 F.2d 371, 376 n. 2 (5th Cir.1984); *Williams v. Wainwright*, 604 F.2d 404, 406-07 (5th Cir.1979); *United States v. Bell*, 457 F.2d 1231, 1234 n. 1 (5th Cir.1972

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).  In order to show that counsel was ineffective a petitioner must demonstrate:

> First ... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it

cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687.

In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that petitioner was denied a fair and reliable trial. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir.1992).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon petitioner, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Martin v. Maggio*, 711 F.2d 1273 (5th Cir.1983). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland*, 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir.1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir.2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir.1983)).

Petitioner has failed to show that the state court determination that counsel's performance was not deficient, as presented in his application for writ of *habeas corpus*, was not correct. Petitioner has failed to show by clear and convincing evidence that he was not properly admonished or that his counsel's performance was deficient and that such deficiency prejudiced

him.   Further, petitioner has not shown that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

<u>CONCLUSION</u>

In sum, petitioner's voluntary guilty plea operated as a waiver of all defects and claims except ineffective assistance of counsel and, as detailed above, that claim is without a basis in law. As such, petitioner's claims are manifestly frivolous and without merit and their dismissal under Rule 4 is appropriate.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts since petitioner has failed to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.   *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing**

THUS DONE this 4th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE